# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0486V

| | |
|---|---|
| KAYE L. ASTON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 5, 2025 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY*, for Petitioner.

*Julianna Rose Kober, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 29, 2024, Kaye L. Aston filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on November 3, 2022. Petition, ECF No. 1. On April 2, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 28.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $42,907.25 (representing $41,047.40 in fees plus $1,859.85 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 4, 2025, ECF No. 32. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 32-3.

Respondent reacted to the motion on May 8, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 35. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations. Petitioner has requested an hourly rate of $450.00 for 2025 work performed by attorney Jimmy A. Zgheib and an hourly rate of $450.00 for 2025 work performed by attorney AnnMarie N. Sayad, representing rate increases of $50.00 from the previous year, respectively. Petitioner also requested an hourly rate of $360.00 for attorney Joseph B. Sayad for 2023 work performed and the hourly rates of $200.00 - $212.00 for paralegal work performed in 2025.  Respondent offered no specific objection to the rates or amounts sought. I find the proposed rates to be reasonable and hereby award them herein. And all time billed to the matter was also reasonably incurred.

I have also reviewed the requested costs and find that Petitioner's counsel did not substantiate $50.00[3] of those costs with the required supporting documentation, such as an invoice or proof of payment. ECF No. 32-2 at 2-45. I will nevertheless reimburse the requested costs in full, since the unsubstantiated amount is not particularly large. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed (or denied) award for failure to include the required supporting documentation. See Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[4]

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total**

---

[3] See billing entry dated 11/8/24: "Payment for records from ARA Diagnostic." ECF No. 32-2 at 5.

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

**amount of $42,907.25 (representing $41,047.40 in fees plus $1,859.85 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.